UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>STEVEN F. BOITANO, et al.,<br><br>        Defendants. | Case No. 21-cv-01402-SVK<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 13 |

Plaintiff Scott Johnson brings this lawsuit under the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act, alleging that he encountered barriers during a November 2020 visit to the office of Boitano & Sargent, LLP in San Jose, California, which is located on property owned by Defendants (the "Subject Property"). Dkt. 1 (Complaint) ¶ 10. Plaintiff alleges that Defendants failed to provide wheelchair accessible parking and wheelchair accessible door hardware at the Subject Property. *Id.* ¶¶ 12-21. The Parties have consented to the jurisdiction of a magistrate judge. Dkt. 7, 15. After Defendants filed an early motion to dismiss, the Court granted Plaintiff leave to conduct limited discovery. Dkt. 18. Now before the Court is Defendants' motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, alternatively, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. 13. Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable without oral argument. For the reasons that follow, the motion to dismiss is **DENIED.**

**I.    LEGAL STANDARD**

    **A.    Rule 12(b)(1)**

Rule 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Rule 12(b)(1) motions can challenge subject matter jurisdiction in two different ways: (1) a facial attack based solely on the allegations of the complaint, or (2) a factual attack based on extrinsic evidence apart from the pleadings. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). If a defendant initiates a factual attack by submitting a declaration with extrinsic evidence of the lack of subject matter jurisdiction, "the court need not presume the truthfulness of the plaintiff's allegations." *Id.* In addition, once the defendant makes a factual challenge by presenting extrinsic evidence to dispute the allegations in the complaint, "the party opposing the motion must present affidavits or any other evidence necessary to satisfy its burden that the court, in fact, possesses subject matter jurisdiction." *Johnson v. Techbusiness Resources, LLC*, No. 20-cv-06048-BLF, 2020 WL 7013596, at *1 (N.D. Cal. Nov. 28, 2020) (internal quotation marks and citations omitted). When the jurisdictional issue is intertwined with the merits, a court must apply the summary judgment standard in deciding the motion to dismiss. *Id.* (citation omitted). Specifically, where a plaintiff's substantive claims and the court's jurisdiction are both premised on the ADA, "the issues of jurisdiction and substance are intertwined" and the court applies the summary judgment standard. *Id.* A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Id.* (quoting Fed. R. Civ. P. 56(a)).

**B.    Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must presume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

1    To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to
2    relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This
3    "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer
4    possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

5    If a motion to dismiss is granted, the court must grant leave to amend unless it is clear that
6    the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't. of Corr.*, 66 F.3d
7    245, 248 (9th Cir. 1995).

## II.   DISCUSSION

Defendants argue that the case should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because the business Plaintiff allegedly visited at the Subject Property was not a place of public accommodation at the time of his visit, for two reasons. Dkt. 13-1 at 1-2. First, the Complaint alleges that Plaintiff came to the Subject Property to visit Boitano & Sargent, LLP (the "Firm"). Complaint ¶ 10. Defendants have presented evidence that the Firm is "an accounting office that provides services only to clients who first call the office to set up an appointment." Dkt. 13-1 at 2; Dkt. 13-2 ("Boitano Decl.") ¶ 3. As Defendants note (Dkt. 13-1 at 2, 4-5), the Complaint does not allege that Plaintiff attempted to call the Firm before his visit to set up an appointment, but instead simply states that Plaintiff went to the Property "with the intention to avail himself of its services." Complaint ¶ 10. Defendants argue that Plaintiff could not have availed himself of the Firm's services because the Firm would not have met with Plaintiff without an appointment. Dkt. 13-1 at 3; Dkt. 13-2 ¶ 6.

Second, Defendants state that at the time Plaintiff allegedly visited the Subject Property in November 2020, the Firm was not open to the general public due to Santa Clara County health department orders put in place in response to the COVID-19 pandemic. Dkt. 13-1 at 3. According to Defendants, "[e]ven if Plaintiff had called to make an appointment, any resultant appointment would have been by remote video-conferencing software only, such as the Zoom platform," and Plaintiff would not have been allowed to access the Firm's office at the subject property. *Id.*; Dkt. 13-2 ¶ 7.

Defendants' arguments require the Court to determine whether the accounting office at

3

issue is a public accommodation. The ADA prohibits discrimination against disabled individuals by "any place of public accommodation." 42 U.S.C. § 12182(a). "The determination of whether a facility is a 'public accommodation' for purposes of coverage by the ADA [] turns on whether the facility is open 'indiscriminately to other members of the general public." *Jankey v. Twentieth Century Fox Film Corp.*, 14 F. Supp. 2d 1174, 1178 (C.D. Cal. 1998). Whether a location is a public accommodation is a question of law. *Id.*

Contrary to Defendants' argument that the Firm is not a public accommodation, the statutory definition of "public accommodation" expressly includes an "office of an accountant." 42 U.S.C. §12181(7)(F). Defendants have presented no evidence that the Firm was unusual among accounting firms in requiring that clients make an appointment. Defendants' argument is further undercut by the fact that the definition of "public accommodation" in the statute includes a variety of other businesses that are often accessible only by appointment, such as the offices of attorneys and health care providers and beauty shops. *Id.* In addition, courts have found businesses that freely provide appointments to be places of public accommodation, despite their appointment-only policies. *See, e.g., Garcia v. Austin,* No. CV 17-7379 PA (Ex), 2018 WL 8799885, at *2 (C.D. Cal. Sep. 14, 2018) (finding tattoo parlor to be public accommodation). Moreover, although Defendants have presented evidence that the Firm "provides services only to clients who first call the office to set up an appointment" (Boitano Decl. ¶ 3), Plaintiff disputes these facts. *See* Dkt. 25 at 1-2, 4, 6-7; *see also* Dkt. 25-2, Dkt. 25-3. This factual dispute precludes dismissal under the summary judgment standard applicable to Defendants' factual challenge to standing.

Notably, the barriers identified by Plaintiff in this case concern the parking lot and the door hardware at the property where Defendants' accounting office is located. Complaint ¶¶ 12-21. Even if an appointment was required to access the Firm's accounting services, there is no evidence that Plaintiff would have been restricted from accessing the parking lot or door hardware at the site. Although the Court does not need to presume the truthfulness of Plaintiff's allegations regarding parking and door hardware barriers under Defendants' factual attack on standing, Defendants have not presented sufficient evidence for the Court to conclude that Plaintiff has

failed to establish he suffered an injury-in-fact, and thus the factual attack on the Complaint fails at this stage to establish grounds for dismissal. *See Johnson v. Right Crons Inc.*, No. 5:20-cv-08117-EJD, 2021 WL 3565441, at *4 (N.D. Cal. Aug. 11, 2021).

The evidence presented by Defendants concerning the COVID-19 shelter-in-place restrictions in place at various times in Santa Clara County,[1] where the subject property is located, do not change the Court's conclusion that Defendants have failed to establish that the subject property is not a public accommodation. Defendants argue that Santa Clara County's July 2, 2020 public health order "included the requirement that all employees must do their jobs from home whenever possible, allowing employees to go into work only to complete job duties they cannot complete remotely." Dkt. 26 at 2; *see also* Dkt. 26-2 ¶ 12(a) (requirement in July 2, 2020 order that "all business must require that all personnel carry out their job functions remotely if they are able to do so"). However, accounting offices were not among the "Facilities that Must Remain Closed" enumerated in that health order. Dkt. 26-2 ¶ 13. Defendants also argue that under the "Orange Tier" and "Purple Tier" in which Santa Clara County operated at different times during November 2020, "offices are required to operate remotely." Dkt. 26 at 2. The Court finds no need to determine at this stage whether Defendants' characterization of these orders is accurate because even if Defendants' accounting office was required to operate remotely, the Court cannot conclude from the current record that Plaintiff could not access the parking lot or door hardware of the subject property. Moreover, Plaintiff has presented evidence that the Firm was "left open" during the shelter-in-place orders, thus defeating Defendants' factual attack on subject matter jurisdiction at this stage. *See* Dkt. 25-2 (Boitano Deposition) at PDF pp. 15-16. The Court is troubled by Plaintiff's conduct in visiting the subject location in part to "test" its compliance with ADA

---

[1] Defendants request that the Court take judicial notice of certain public health orders and County press releases. *See* Dkt. 26-1 and 26-2. Public health orders are the proper subject of judicial notice. *See South Bay United Pentecostal Church v. Newsom*, 985 F.3d 1128, 1132 n. 1 (9th Cir. 2021); *see also* Fed. R. Ev. 201(b). Accordingly, the Court takes judicial notice of these documents for the limited purpose of addressing Defendants' arguments in the present motion. By granting Defendants' request for judicial notice at this juncture, the Court makes no finding that the documents included in Defendants' request are a complete set of public health orders applicable to the property and business at issue in this case during the relevant time period and does not endorse Defendants' interpretation of those orders.

standards (*see* Complaint ¶ 10) *during a pandemic* in which persons in this County were instructed to limit their public activities. However, the Court cannot conclude from the present record that, as a matter of law, the subject property was not a place of public accommodation at the relevant times.

Although Defendants argue that the Complaint should be dismissed pursuant to 12(b)(1) for lack of subject matter jurisdiction "or alternatively pursuant to Fed. R. Civ. P. 12(b)(6), for Plaintiff's failure to state a claim upon which relief may be granted" (Dkt. 13-1 at 2), they do not articulate an argument under Rule 12(b)(6) separate from their argument under Rule 12(b)(1) that Plaintiff lacks standing. For the reasons discussed above, Defendants' motion to dismiss the ADA claim is **DENIED** on both grounds. Because the ADA claim will proceed, the Court also **DENIES** Defendants' request that the Court decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

### III.   CONCLUSION

For the foregoing reasons, the motion to dismiss is **DENIED.** Defendants must file an answer to the Complaint by **October 29, 2021**, and the Parties are then to proceed as directed by General Order 56.

**SO ORDERED.**

Dated: October 15, 2021

SUSAN VAN KEULEN
United States Magistrate Judge